**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00090-01-CR-W-BP |
| | ) | |
| JOHN C. MCGAUTHA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on the Report and Recommendation ("Report"), (Doc. 30), prepared by Magistrate Judge John T. Maughmer concerning Defendant's Motion to Suppress, (Doc. 21). Judge Maughmer recommends that Defendant's Motion be denied. Defendant filed Objections to the Report and Recommendation. (Doc. 36.) The Government has not objected, and the time for doing so has passed. The Court's discussion below is intended to augment, not supplant, the Report.

**I.    PROCEDURAL BACKGROUND**

Defendant John C. McGautha has been indicted on charges of being a felon in possession of a firearm in connection a stop that occurred on March 11, 2015. Defendant raised three arguments in his Motion to Suppress: (1) the video of the incident does not show Defendant walking in the street, thus Officer Weeks' stop was not justified; (2) the search of Defendant's pockets is not justified as a search incident to arrest; and (3) the search of Defendant was not justified under *Terry*. At the hearing, it became clear that the search at issue was not a search incident to arrest, so Defendant's second argument is moot. Defendant objects to the findings of

fact, and argues Officer Weeks did not have reasonable suspicion for the *Terry* frisk. The Court takes up these issues below.

## II. DISCUSSION

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, the exhibits admitted during the hearing, including the video of the incident, and Defendant's objections. Having conducted this review, the Court overrules Defendant's objections, adopts the Report as the Order of the Court, and denies Defendant's motion to suppress.

### A. Factual Findings

Defendant has raised three arguments regarding the facts in the Report: (1) the video from the patrol car's dash camera does not show Defendant walking in the street; (2) the Report omitted facts; and (3) evidence contradicts Officer Weeks' reasons for frisking Defendant. The Court finds these arguments unpersuasive as discussed in turn below.

Officer Weeks of the Kansas City, Missouri Police Department was working the night shift in a high-crime area called Central Patrol. At approximately 10:20 p.m., Officer Weeks testified he observed Defendant walking in the street on Wabash near 39th Street. Officer Weeks testified that Defendant appeared to observe the patrol car and quickly walk to the sidewalk, which Officer Weeks testified is unusual for individuals in that area. Officer Weeks then observed what he believed was Defendant putting his hands in his pockets. Based upon the fact Defendant was walking in the street, Defendant's conduct upon seeing the patrol car, the area, and the time of day, Officer Weeks stopped Defendant. Defendant contends the video from the

2

dashboard camera does not show anyone walking in the street, and does not support the suspicious activity Officer Weeks claims he observed.

The Court has carefully reviewed the video. The Court agrees the video does not show anyone walking in the street, but due to the low quality of the video, the Court is not persuaded that it proves Defendant was not in the street as Defendant is not even visible on the sidewalk until the patrol car is just behind him.  In addition, because the quality is poor, the video neither supports nor contradicts Officer Weeks' testimony regarding Defendant's behavior upon seeing the patrol car.  The video does show Officer Weeks immediately told Defendant that he was stopped because Officer Weeks saw him walking in the street.  Although Defendant questions why he is being stopped, he does not dispute Officer Weeks' assertion that he was walking in the street.  Thus, the Court finds the video is of little value in determining what happened prior to the stop.  However, the Court finds Officer Weeks' testimony is credible and consistent with the portions of the video which are useful.

Second, Defendant seeks to add facts which Judge Maughmer did not include in his proposed findings of facts.  The facts include additional information regarding the police report completed by Officer Weeks, the fact that there were no reports of illegal activity in the area, Defendant's statement on video that there was no reason to stop him, and the fact that the officer conducted an investigation even though the offense of walking in the street was completed. However, the Court does not find these facts are relevant to determining whether the stop and search were legal, as will be discussed below.

Finally, Defendant argues that Officer Weeks' justifications for the frisk – that Defendant put his hands in his pockets, walked quickly and refused to make eye contact – are contradicted. However, the Court finds these purported contradictions do not undermine Officer Weeks'

3

testimony and are not relevant to determining the justification for the frisk. First, Officer Weeks testified that he observed Defendant putting his hands in his pockets, but later the video shows Defendant had a cigarette and a soda in his hands and could not have put his hands in his pockets. However, the Court finds Officer Weeks testified that from a distance, it appeared Defendant put his hands in his pockets, perhaps touching a concealed weapon. (Doc. 27, pp. 31-32, 45.) Officer Weeks was ultimately incorrect; however, Defendant does not state why the Court should find Officer Weeks' incorrect interpretation of Defendant's movements significant. To the extent Defendant is attempting to show Officer Weeks' report is inaccurate or contradicted by the video, the Court accepts Officer Weeks' explanation that his report and his testimony include what he observed as he observed it. From behind, Defendant moving his hands in front of him would have appeared to Officer Weeks as if Defendant was putting his hands in his pockets. Moreover, Defendant had a knife and a gun in his front pockets, so Officer Weeks' suspicion that Defendant was touching a weapon is not undermined by the fact Defendant could not actually put his hands in his pockets.

Second, Officer Weeks stated Defendant was walking at a quicker pace, but Defendant contends the video shows he was never walking quickly. Officer Weeks' testimony was that Defendant walked faster once he saw the patrol car. The Court cannot conclude that the pace of Defendant's walking in the video, which is only observable for approximately 13 seconds, contradicts Officer Weeks' testimony. Finally, Defendant argues the video does not show Defendant looking back at the patrol car or refusing to make eye contact. However, no facts regarding eye contact are included in the Report, and, as already discussed at length, the video fails to clearly show any actions of Defendant prior to the stop. For these reasons, the Court adopts Judge Maughmer's findings regarding the events leading up to the stop.

4

### B.     Frisk

After determining the facts based upon the evidence, Judge Maughmer found that Officer Weeks had probable cause to detain Defendant to issue a citation for walking in the street. Further, because Officer Weeks was alone in a high crime neighborhood at night, his decision to check for weapons by performing a frisk was justified. *See United States v. Roggeman*, 279 F.3d 573, 578 (8th Cir. 2002).  Thus, the stop and the protective frisk were permissible.

Defendant argues that, even under the facts in the Report, Officer Weeks did not have enough reasonable suspicion to conduct a search.  However, the Court finds that Defendant fails to set forth the entire basis for Officer Weeks' suspicion.  Officer Weeks stated Defendant (1) walked in the street illegally, (2) quickly moved to the sidewalk upon seeing the patrol car, (3) walked at a faster pace, and (4) placed his hands near his pockets, possibly touching a concealed weapon.   In addition to Defendant's conduct, Officer Weeks was alone in a high-crime neighborhood at night.   While Defendant is correct that the fact an officer is alone does not justify searching every citizen, when those circumstances are combined with Defendant's conduct, including violating the law, they create sufficient suspicion for Officer Weeks to conduct a protective frisk.

In the case relied upon by Defendant, the Eighth Circuit found that walking in a high crime area, wearing a sweatshirt in warm weather to potentially hide a gun, and staring at the patrol car were not sufficient justifications for the stop.  *United States v. Jones*, 606 F.3d 964, 966 (8th Cir. 2010). Here, Officer Weeks observed Defendant breaking a law and other suspicious activity.  Further, he gave Defendant a citation for walking in the street.  As discussed in *Jones*, the Eighth Circuit found the officer could have approached the defendant to "crystallize previously unconfirmed suspicions of criminal activity and give rise to legitimate concerns for

5

officer safety." *Id.* at 968 (citation omitted). Here, Officer Weeks had an independent reason to detain Defendant to issue a citation, which also gave rise to concerns regarding officer safety. Thus, the Court finds *Jones* distinguishable from the instant case. For these reasons, the Court will adopt Judge Maughmer's recommendation and deny Defendant's Motion to Suppress.

### III.    CONCLUSION

After an independent and careful review, the Court **OVERRULES** Defendant's Objections to the Report and Recommendation, (Doc. 36), and **ADOPTS** Judge Maughmer's Report and Recommendation, (Doc. 30). Accordingly, Defendant's Motion to Suppress, (Doc. 21), is **DENIED**.

**IT IS SO ORDERED.**

/s/Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: 12/29/2015

6